## DURANT v. SHURTLEFF, AND FARRAR, TRUSTEE.

*Trustee Process. Parol Evidence of Consideration in Deed.*

Parol evidence is admissible to show the true consideration of a deed.

Execution debtor and creditor agreed upon appraisers to appraise land on which the execution had been extended. One of the appraisers was the debtor's son, whereof the creditor was cognizant. *Held*, that the agreement was binding, and furnished no legal ground for vacating the levy.

A commissioner found that it appeared by the officer's return on an execution, that the levy was made on December 27, 1869, and the execution returned to the clerk's office on November 31, 1869, but that, by the clerk's certificate on the execution, it appeared to have been returned on December 31, 1869. *Held*, equivalent to a finding by the commissioner that the execution was returned on December 31.

TRUSTEE PROCESS. All material facts found and reported by the commissioner are stated in the opinion. The court, at the December Term, 1875, Caledonia County, POWERS, J., presiding, adjudged the trustee chargeable; to which the trustee excepted.

*M. Montgomery*, for the trustee, cited *Willard* v. *Whipple*, 40 Vt. 219; *Catlin* v. *Merchants' Bank*, 36 Vt. 572.

*Dickey & Blodgett*, for the plaintiff, cited *Howe et al.* v. *Blanden et al.* 21 Vt. 315; *Morton et al.* v. *Edwin*, 19 Vt. 77.

The opinion of the court was delivered by

ROYCE, J. The report of the commissioner shows, that on the 27th of February, 1871, the defendant sold and conveyed by warranty deed certain premises in Walden to the trustee; and the commissioner has found from parol proof, which was clearly admissible for that purpose, that the consideration agreed to be paid for said premises was $333; and that on the 27th of December, 1869, an execution was levied upon a portion of the premises described in said deed, by a creditor of the defendant. The premises levied upon had not been redeemed, nor the debt evidenced by the execution paid, nor the trustee discharged nor released from its payment at the time of the service of the trustee process. If

the defendant by his neglect to redeem the premises levied upon had lost his title to the same, or if it constituted a legal incumbrance upon the premises, to that extent the consideration for the trustee's promise failed, and he would have the right to withhold payment, for his indemnity or security. The funds in the hands and possession of the trustee were not equal to the value of the premises levied upon, and hence the question of his liability depends upon the validity of the levy. The first objection made to its validity is, that one of the appraisers was a son of the execution debtor. The officer's return shows that the appraisers were mutually agreed upon by the parties. The statute, c. 47, s. 19, provides, that where an execution shall be extended on real estate, the same shall be appraised by three judicious and disinterested freeholders, and that one may be appointed by the debtor, one by the creditor, and the other mutually by the parties ; and if the parties fail to appoint or to agree, provision is made by the 20th section for application to a justice of the peace and an appointment by him. The parties to the execution being the ones directly interested in the appraisal, the statute has given them the right to agree upon the persons who are to make it. And where they do agree, and the persons agreed upon to perform the duty are so far disqualified by reason of interest or affinity that an appointment by a justice of the peace would not be binding if the disqualification was known to the parties at the time the agreement was made, they will be bound by it ; and it furnishes no legal ground for vacating the levy.

The other objection is, that it appears by the return, that the execution was returned to the office of the clerk of the court on the 31st of November, 1869, when it appears by the return that it was levied on the 27th of December, 1869. From the full copy of the execution and return, which is made a part of the report, it appears by the certificate of the county clerk, that the execution was returned into his office on the 31st of December, 1869. So that, writing "Nov." in the return of the officer, was obviously a clerical error, and the certificate of the clerk we regard as equivalent to a finding by the commissioner that it was returned into the office of the clerk on the 31st of December. The levy then being

treated as valid, the trustee had no funds of the defendant in his hands or possession at the time of the service of the trustee process.

Judgment reversed, and judgment that the trustee is not liable, and that he be discharged with costs.